# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MYTRIS M. BEASLEY,            )
                              )
        Plaintiff,            )
                              )
    v.                        )       1:15cv946
                              )
NOVANT HEALTH, INC., d/b/a    )
FORSYTH MEDICAL CENTER,       )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Defendant's Motion to Compel Initial Disclosures and Discovery Responses and for Sanctions" (Docket Entry 15) (the "Motion to Compel"). For the reasons that follow, the Court will grant the Motion to Compel as specified herein.

## BACKGROUND

Seeking to recover for alleged discrimination and associated torts, Plaintiff Mytris M. Beasley ("Beasley") commenced this action against her former employer, Novant Health, Inc. d/b/a Forsyth Medical Center ("Novant"). (Docket Entry 6.)[1] Although initially represented by counsel, Beasley consented to her lawyers' withdrawal and elected to proceed pro se at a hearing before the

---

[1] Novant maintains that "Forsyth Memorial Hospital, Inc. d/b/a Novant Health Forsyth Medical Center" constitutes the proper defendant in this matter. (See, e.g., Docket Entry 15 at 1 n.1.) (Citations herein to Docket Entry pages utilize the document's internal pagination if unified internal pagination exists. In the absence of such pagination, the Docket Entry page citations utilize the CM/ECF footer's pagination.)

Court on January 25, 2016.  (See Minute Entry dated Jan. 25, 2016; see also Docket Entry 14 at 1.)  Following this election, Beasley and Novant's counsel conferred regarding a proposed discovery schedule for this case.  (See Minute Entry dated Jan. 25, 2016; see also Text Order dated Jan. 26, 2016 (the "Scheduling Order").)  With the parties' input, the Court established a discovery schedule that elongated the normal discovery period in deference to Beasley's new pro se status.  (See Text Order dated Jan. 26, 2016.)  Pursuant to this Scheduling Order, the discovery period concludes on October 3, 2016.  (See id.)

On February 23, 2016, Novant served interrogatories (Docket Entry 16-1 at 3-17 (the "Interrogatories")) and requests for production of documents (id. at 18-32 (the "Production Requests")) (collectively, the "Discovery Requests") upon Beasley.  (See Docket Entry 16 at 2; Docket Entry 16-1 at 2, 17, 32.)  On April 14, 2016, Novant's counsel sent a letter to Beasley, which stated, in relevant part:

> We have not received responses to Defendant's First Set of Interrogatories to Plaintiff and First Request for Production of Documents, which were served upon you on February 23, 2016.  Your responses are now overdue. Please provide responses to our discovery requests no later than **May 2, 2016.**

(Docket Entry 16-2 at 2 (emphasis in original).)  Beasley received this letter on April 19, 2016.  (Id. at 3.)  On May 5, 2016, Novant's counsel sent a second letter to Beasley, which stated:

2

> We have not received your responses to our discovery requests. Your responses were due March 27, 2016. On April 14, 2016, we sent correspondence requesting you provide responses by May 2, 2016. On May 2, 2016, I received a voicemail message from you stating that you are still seeking an attorney to represent you in this matter. I attempted to reach you by telephone on May 3, 2016, and left a voicemail message. I have not heard back from you.
>
> When you consented to your original counsel's withdraw [sic] from this matter, [the Court] informed you that you would be expected to comply with the Federal Rules of Civil Procedure regardless of whether you obtained subsequent representation. Under the Federal Rules of Civil Procedure, you must respond to our discovery requests whether you retain counsel or continue to represent yourself.
>
> This letter will serve as notice that [Novant] will move the Court to compel your responses if you do not provide them by May 16, 2016. [Novant] will seek its costs associated with moving the [C]ourt to compel your responses.
>
> Additionally, your Rule 26(a) initial disclosures were due on February 27, 2016. As of the date of this letter, we have not received your initial disclosures. Please provide your disclosures by May 16, 2016.

(Docket Entry 16-3 at 2.) FedEx delivered this letter to Beasley's residence on April 6, 2016. (Id. at 3.)

On June 1, 2016, Novant filed the Motion to Compel. (Docket Entry 15.) Through this motion, Novant seeks production of Beasley's Federal Rule of Civil Procedure 26(a)(1) initial disclosures, responses to its Discovery Requests, and recovery of its "reasonable costs and fees incurred in bringing this motion." (Docket Entry 16 at 7; see also Docket Entry 15 at 1.) Beasley

3

failed to respond to the Motion to Compel. (See Docket Entries dated June 1, 2016, to present.)

## DISCUSSION

### I. Discovery Standards

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment. Accordingly, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[] . . . ." Fed. R. Civ. P. 26(b)(1). However, "the simple fact that requested information is discoverable . . . does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under [Federal Rule of Civil Procedure] 26(c), a district court may limit [discovery] . . . ." Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 543 (4th Cir. 2004). As such, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 426 (4th Cir. 1996); accord Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) (observing that "[d]istrict courts are afforded broad discretion with respect to discovery").

Moreover, the Federal Rules of Civil Procedure (the "Rules") authorize litigants to bring discovery disputes before the Court

4

through, inter alia, a motion to compel discovery. See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). Prior to bringing a motion to compel, a litigant must make a good-faith effort to resolve the discovery dispute without judicial intervention. See Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Subject to certain exceptions, if it grants a motion to compel discovery, "the [C]ourt must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion[] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); see also Fed. R. Civ. P. 37(c)(1)(A) (permitting expense-shifting where party fails to make required disclosures); Fed. R. Civ. P. 37(d)(1)(A)(ii) & (3) (generally mandating expense-shifting where party fails to respond to interrogatories and/or document requests).

## II. Analysis of Motion to Compel

Beasley failed to respond to the Motion to Compel. (See Docket Entries dated June 1, 2016, to present.) By failing to timely respond, Beasley waived her right to oppose the Motion to Compel. See M.D.N.C. LR 7.3(k). Moreover, under this Court's Local Rules, "[i]f a respondent fails to file a response within the

5

time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Id. Finally, by failing to timely object to the Interrogatories and Production Requests, Beasley waived any objection she possessed to the Discovery Requests. See Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the [C]ourt, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); see also Kinetic Concepts, 268 F.R.D. at 247 ("By failing to present valid objections to these discovery requests, Plaintiffs waived any legitimate objection [they] may have had." (internal quotation marks omitted; alteration in original)); Phillips v. Dallas Carriers Corp., 133 F.R.D. 475, 477 (M.D.N.C. 1990) ("It is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver.").

Nevertheless, pursuant to Local Rule 83.4(b), the Court exercises its discretion to review the merits of the Motion to Compel and the appropriateness of the Discovery Requests. See Fed. R. Civ. P. 26(b)(2)(C) (recognizing that the Court may act sua sponte to curtail discovery that exceeds "the scope permitted by

6

Rule 26(b)(1)"); Rule 26, advisory committee's notes, 2000 Amendment, Subdivision (b)(1) ("When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action."); see also Rule 26, advisory committee's notes, 2015 Amendment ("The parties and the [C]ourt have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."). In conducting this analysis, the Court first addresses the initial disclosures and Discovery Requests before considering Novant's request for expense-shifting.

### A. Initial Disclosures

Unless excused by the Court, agreement of the parties, or Rule 26(a)(1)(B), parties must disclose certain specified information to the other parties in the litigation within 14 days of their Rule 26(f) conference. See Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 26(a)(1)(C). This case does not fit any of the Rule 26(a)(1)(B) exemptions from initial disclosure. (Compare Docket Entry 6, with Fed. R. Civ. P. 26(a)(1)(B).) Similarly, neither the Court nor the parties have altered the default disclosure obligations specified in Rule 26(a)(1). (See generally Docket Entries dated Nov. 12, 2015, to present.) Accordingly, Beasley bore the obligation of disclosing the information specified in Rule 26(a)(1)(A) to Novant within 14 days of the parties' Rule 26(f) discovery conference on January 25,

7

2016, making her disclosure deadline February 8, 2016.  See Fed. R. Civ. P. 26(a)(1)(C).  As evidenced by Novant's May letter requesting these disclosures and its June Motion to Compel, Beasley failed to comply with her disclosure obligations.  (See Docket Entry 16-3 at 2; see also Docket Entry 16 at 2 ("To date, [Beasley] has not served any Rule 26(a) disclosures.").)  Thus, pursuant to Rule 37(a)(3)(A), the Court will order Beasley to provide her Rule 26(a)(1)(A) disclosures.

### B. Discovery Requests

On February 23, 2016, Novant mailed the Discovery Requests to Beasley.  (Docket Entry 16-1 at 2, 17, 32.)  As such, Monday, March 28, 2016, constituted Beasley's deadline for responding to the Discovery Requests.  See Fed. R. Civ. P. 33(b)(2) (requiring response within 30 days of service); Fed. R. Civ. P. 34(b)(2)(A) (same); see also Fed. R. Civ. P. 6(d) (extending deadline by three days where service accomplished by mail); Fed. R. Civ. P. 6(a)(1)(C) (extending deadline to first non-holiday weekday where period ends on weekend or holiday).  On April 14, 2016, Novant notified Beasley of her failure to timely respond to the Discovery Requests and extended her period for answering the Discovery Requests to May 2, 2016.  (Docket Entry 16-2 at 2.)  Beasley did not provide her responses by this extended deadline.  (See Docket Entry 16-3 at 2.)  On May 5, 2016, Novant again sought Beasley's compliance with the Discovery Requests, informing her that if she

8

failed to provide her responses by May 16, 2016, Novant would pursue the Motion to Compel. (Id.) On June 1, 2016, because Beasley again failed to respond to the Discovery Requests, Novant filed the Motion to Compel. (See Docket Entry 16 at 3 ("As of the date of this filing, 90[ ]days after initial service of [Novant's] Discovery Requests to [Beasley], the undersigned has not received any responses from [Beasley].").) Under these circumstances, the Court will order Beasley to comply with the Discovery Requests as specified herein. See Fed. R. Civ. P. 37(a)(3)(B).

Having reviewed the Discovery Requests, the Court concludes that the Production Requests warrant certain modifications. To begin with, Production Requests 16, 17, and 18 require modified time periods. As propounded, Production Request 16 and Production Request 18 lack any time limitation, and Production Request 17 seeks information "since [Beasley] attain[ed] the age of eighteen." (Docket Entry 16-1 at 26-27.)[2] According to the Complaint, Beasley

---

2  Production Request 16 seeks "[a]ny and all documents relating to charges of discrimination, hostile work environment, . . . or other unlawful treatment, [Beasley] ha[s] filed with any federal, state, or local agency . . . against any of [her] prior or current employers." (Docket Entry 16-1 at 26.) Production Request 17 seeks "[a]ny and all documents[] . . . relating to any lawsuit [Beasley] may have filed, or was filed against [Beasley], since attaining the age of eighteen (18), including, but not limited to, lawsuits against any of [Beasley's] prior or current employers." (Id.) Finally, Production Request 18 seeks "[a]ll documents, memoranda, or notes of any kind containing information relevant to any and all settlements or severance arrangements [Beasley] reached with [her] prior employers upon separation from each employer." (Id. at 27.)

9

possesses a birthday of June 20, 1950 (Docket Entry 6 at 2, ¶ 5), and worked for Novant from November 2007 to July 2014 (id. at 2, ¶ 6; 3, ¶ 24). Thus, Beasley reached age eighteen nearly fifty years ago, approximately forty years before she began work at Novant. The Court concludes that any information from so long ago would possess, at best, minimal relevance to the parties' claims and defenses, and that the effort of obtaining such material would be disproportionate to the needs of this routine employment case. See generally Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to relevant, proportional, nonprivileged materials). Accordingly, the Court imposes a twenty-five-year time limitation on Production Requests 16, 17, and 18. This curtailed duration, which commences more than sixteen years before Beasley began working for Novant, strikes an appropriate balance between permitting discovery of relevant matters and avoiding undue and disproportionate discovery burdens.

In addition, certain aspects of the Production Requests require clarification. Novant represents that "[a] true and correct copy of [the] Discovery Requests [that Novant served on Beasley in February 2016] is attached as **Exhibit 'A'**" to its memorandum in support of its Motion to Compel. (Docket Entry 16 at 2 (emphasis in original).) Exhibit A consists of 32 pages (see Docket Entry 16-1), fifteen of which constitute the Production Requests (see id. at 18-32). Based on internal pagination and

references, it appears that the Discovery Requests lack an intended twelfth page of the Production Requests and first page of an "Authorization for Release of Information directed to the North Carolina Department of Commerce, Division of Employment Security" (the "DES Authorization"). (See id. at 28 (bearing page number 11, and requesting execution of the DES Authorization), 29 (bearing page number 2 of an "authorization [to] . . . the DES"), 30-31 (medical record disclosure authorization form not referenced in Exhibit A), 32 (Production Requests' certificate of service bearing page number 13).) This omission necessitates three clarifications.

First, the Court will compel Beasley to respond to the Production Requests only through the first sentence of Production Request 23, as the remainder of Production Request 23 and any subsequent Production Requests do not appear in the Discovery Requests that Novant represents it served on Beasley. (See id. at 28-32.) Second, the Court will not compel Beasley to execute the medical record disclosure authorization form found on pages 30 and 31 of the Discovery Requests, as none of the existing Production Requests asks for completion of that authorization. (See id. at 22-32.) Finally, the Court will not compel Beasley to execute the incomplete DES Authorization found in the Discovery Requests. (See id. at 29.)[3]

---

3 Nothing in this Order precludes Novant from pursuing additional document production requests or authorizations before discovery closes in October.

11

**C. Request for Expense-Shifting**

Due to Beasley's failure to provide her initial disclosures and respond to its Discovery Requests, Novant seeks an order "[r]equiring [Beasley] to pay [Novant's] reasonable costs and fees incurred in bringing this [M]otion [to Compel]." (Docket Entry 16 at 7; see also id. at 6.) The Rules not only provide for such expense-shifting in most cases where (as here) a party prevails on a motion to compel, see Fed. R. Civ. P. 37(a)(5)(A), but also explicitly authorize an even broader range of expense-shifting when a party fails to provide its initial disclosures, see Fed. R. Civ. P. 37(c)(1)(A), and generally require this broader expense-shifting when a party fails to respond to properly served interrogatories and document production requests, see Fed. R. Civ. P. 37(d)(1)(A)(ii) & (3).[4]

---

[4] Specifically, the failure to respond to interrogatories and document requests generally subjects the non-responding party to payment of "the reasonable expenses, including attorney's fees, caused by the failure," Fed. R. Civ. P. 37(d)(3); see also Fed. R. Civ. P. 37(c)(1)(A) (stating that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)," the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure"), which would encompass not only the expenses "incurred in making [a] motion [to compel]," Fed. R. Civ. P. 37(a)(5)(A), but also expenses incurred prior to making a motion to compel, like those expenses Novant incurred while demanding compliance (as described in the Background section). (See Docket Entries 16-2, 16-3.) Because Novant has requested only expense-shifting as to "reasonable costs and fees incurred in bringing this [M]otion to [C]ompel" (Docket Entry 16 at 7), the Court will consider only such expense-shifting.

12

Beasley declined to respond to the Motion to Compel, and thus does not seek to excuse her failures to participate in the discovery process. (See Docket Entries dated June 1, 2016, to present.) By failing to respond to the Motion to Compel, Beasley relinquished any argument she may have possessed that her failures qualify as "substantially justified" or that "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(d)(3); see also Fed. R. Civ. P. 37(a)(5)(A). See M.D.N.C. LR 7.3(k). Moreover, in light of Beasley's voicemail message to Novant (see Docket Entry 16-3 at 2), the Court notes that — as Novant explained in attempting to secure Beasley's discovery responses (see id.) — Beasley's pro se status does not excuse her from complying with discovery obligations or, in and of itself, render an award of expenses unjust. See, e.g., Crisp v. Allied Interstate Collection Agency, No. 1:15cv303, 2016 WL 2760363, at *7 (M.D.N.C. May 12, 2016) (recognizing that "pro se status does not exempt litigants from compliance with discovery obligations" and ordering pro se plaintiff "to show cause as to why he should not be required to pay [the defendant's] reasonable attorney's fees arising from [the plaintiff's] failure [to fulfill discovery obligations]"). Accordingly, the Court concludes that Beasley should bear the reasonable expenses associated with the Motion to Compel.

## CONCLUSION

Without justification, Beasley failed to timely provide her initial disclosures and respond to Novant's Discovery Requests. As such, Novant has established grounds for relief under Rule 37.

**IT IS THEREFORE ORDERED** that the Motion to Compel (Docket Entry 15) is **GRANTED** as specified below.

**IT IS FURTHER ORDERED** that, on or before September 2, 2016, Beasley must respond to Novant's Interrogatories (Docket Entry 16-1 at 3-17). Failure to comply with this Order may result in dismissal of this case.

**IT IS FURTHER ORDERED** that, on or before September 2, 2016, Beasley must respond to Novant's Production Requests (Docket Entry 16-1 at 18-32) as follows: (i) Beasley must respond to Production Requests 1 through 15, 19, 21, and 22 as written; (ii) Beasley must respond to Production Requests 16, 17, and 18, as limited to the time period since January 1, 1991; (iii) Beasley must respond to Production Request 20 as written, except that Beasley need not execute the DES Authorization form (see id. at 29); (iv) Beasley must respond to the first sentence of Production Request 23; and (v) Beasley need not execute the medical record disclosure authorization form (see id. at 30-31). Failure to comply with this Order may result in dismissal of this case.

**IT IS FURTHER ORDERED** that, on or before September 2, 2016, Novant shall serve Beasley with a statement setting out the

14

reasonable expenses, including attorney's fees, that Novant incurred in making the Motion to Compel.  Failure by Novant to comply with this Order will result in denial of any related expense-shifting.

**IT IS FURTHER ORDERED** that, if Novant timely serves such a statement of expenses, Beasley shall file, on or before September 16, 2016, either:  (i) a Notice indicating agreement to pay the claimed expenses; or (ii) a Memorandum of no more than five pages explaining why Beasley contests the reasonableness of the claimed expenses, along with a certification that the parties have attempted in good faith to resolve any disagreement over the reasonableness of the claimed expenses.  Failure by Beasley to comply with this Order may result in the Court ordering, upon the filing of a Notice by Novant of its reasonable expenses as contained in the statement it served upon Beasley, the payment of such expenses by Beasley.

**IT IS FURTHER ORDERED** that, on or before September 23, 2016, Novant may file a Response of no more than five pages to any Memorandum timely filed by Beasley contesting the reasonableness of the claimed expenses.  Failure by Novant to comply with this Order will result in denial of any expenses contested by Beasley as unreasonable.

**IT IS FURTHER ORDERED** that, on or before October 7, 2016, Beasley may file a Reply of no more than three pages to any

15

Response timely filed by Novant regarding the reasonableness of the claimed expenses.

**IT IS FURTHER ORDERED** that, upon completion of the foregoing briefing or the time period for such briefing, the Clerk shall refer this matter back to the undersigned Magistrate Judge for further action.

This 19th day of August, 2016.

                                            /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                              **United States Magistrate Judge**